THE TOWNSHIP OF DOVER IN THE COUNTY OF OCEAN, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PROSECUTOR, v. WILLIAM J. VAN KIRK AND HONORABLE PERCY CAMP, JUDGE OF THE OCEAN COUNTY COURT OF COMMON PLEAS, RESPONDENTS.

Argued October 4, 1939—Decided November 22, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *David A. Veeder* and *Howart Ewart*.

For the respondents, *Nathan L. Jacobs* and *Joseph A. Citta*.

BODINE, J. The township of Dover in Ocean county brings this writ to test the constitutionality of a statute entitled "An act concerning alcoholic beverages, *Pamph. L.* 1933 (*R. S.* 33:1-1 to 81), as supplemented and amended (*R. S.* 33:1-21), so far as it purports to authorize the granting of plenary retail liquor consumption licenses by the judges of the Court of Common Pleas in sixth class counties. Ocean county is a sixth class county; so also is Cape May.

The classification is predicated upon population and proximity to the Atlantic ocean.

The gravamen of the complaint is that the legislature has taken from the municipal governing bodies in sixth class counties all power over the granting of plenary retail liquor consumption licenses, the suspension and revocation thereof, fixing license fees, making of rules and regulations concerning the conduct of the business, prohibiting or regulating Sunday sales, and other matters; and has conferred upon the judges of the Court of Common Pleas in those counties such power in violation of paragraph 11 of section 7 of article IV of the State Constitution, which provides that the legislature shall not pass private, local or special laws regulating the internal affairs of towns and counties.

The learned counsel for the prosecutor, by an industrious use of the 1939 Legislative Manual, has made the following argument: "Ocean county has a population of thirty-three thousand sixty-nine and Sussex county a population of only twenty-seven thousand eight hundred thirty. Because Ocean county is a county of the sixth class, retail liquor consumption licenses in Ocean county are granted by the judge of the Court of Common Pleas, whereas in Sussex county, with a lesser population, retail liquor consumption licenses are granted by the local governing bodies in each of the municipalities. Furthermore, while Dover township has a population of three thousand nine hundred seventy of the twenty-four municipalities in Sussex county, there are only two having a population as large as that of Dover township. Nevertheless, the local governing body of every municipality in Sussex county has the power to grant retail liquor consumption licenses, to fix the fees therefor, to suspend and revoke licenses and to make regulations respecting the hours of sale, Sunday selling, and other matters pertaining to the administration of the law, all of which is denied to the governing body of the township of Dover, in the county of Ocean.

"The borough of Point Pleasant Beach in the county of Ocean has a population of one thousand eight hundred forty-four, whereas the adjoining borough of Brielle, in Monmouth county, has a population of but six hundred eighty-four.

The township of Lakewood, in the county of Ocean, has a population of seven thousand eight hundred sixty-nine, whereas the adjoining township of Howell, in Monmouth county, has a population of but three thousand one hundred forty-six.

"The township of Plumsted in the county of Ocean has a population of one thousand two hundred fifteen, whereas the adjoining township of New Hanover, in Burlington county, has a population of but six hundred forty-six.

"In the borough of Point Pleasant Beach and in the townships of Lakewood and Plumsted, all in the county of Ocean, the local governing bodies have been deprived of the power to fix license fees, grant or revoke licenses, regulate the hours of sale and Sunday selling, and the making of other regulations under the law, but the borough of Brielle, in the county of Monmouth, the township of Howell, in the county of Monmouth, and the township of New Hanover, in the county of Burlington, all adjoining the county of Ocean and having smaller populations than the adjoining municipalities in the county of Ocean, possess the power to fix license fees, grant and revoke licenses, regulate the hours of sale and Sunday selling, and the making and enforcement of other regulations in the administration of the Alcoholic Beverage act."

It would seem therefrom that the prosecutor, deprived of a right possessed by other municipalities to regulate the sale of liquor, might well complain. The act interferes with both municipal regulation and revenue, and has no sound or general bearing upon the welfare of the people. Although the regulation of the sale of liquor is within the police power of the state, there is no apparent reason why the problem in Ocean and Cape May counties is different from the problem in adjoining counties bordering on the Atlantic ocean.

In *Van Riper* v. *Parsons,* 40 *N. J. L.* 1, Chief Justice Beasley said, page 9: "Interdicted local and special laws are all those that rest on a false or deficient classification; their vice is that they do not embrace all the class to which they are naturally related; they create preference and establish inequalities; they apply to persons, things or places possessed

of certain qualities or situations, and exclude from their effect other persons, things or places which are not dissimilar in these respects."

Legislation general in its terms, which in fact regulated only the granting of liquor licenses in the city of Lambertville and the towns of Frenchtown and Clinton in the county of Hunterdon, was held within the constitutional interdict. *Ziegler* v. *Gaddis,* 44 *N. J. L.* 363. The authorities in this state, to the effect that legislative classification to be constitutional must rest upon distinctions that are substantial and not illusory; that it must embrace all and exclude none whose conditions and wants are similar, are collected in *Raymond* v. *Township of Teaneck,* 118 *Id.* 109; *Kirsch* v. *Dias,* 123 *Id.* 97.

The present act cannot be sustained as one dealing with the structure and machinery of government in general terms. *Wilson* v. *Fromm,* 80 *N. J. L.* 582; *Cole* v. *Corio,* 105 *Id.* 511.

The license in question will, therefore, be set aside, but without costs.